UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN COMPETELLO, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KIRA LABS INC.; ICONIC PET LLC; AND MEDPEEL,<br><br>*Defendants*. | **ANSWER**<br>**AFFIRMATIVE DEFENSES**<br><br>1:24-cv-07941-ALC |

Defendant ICONIC PET LLC. (hereinafter referred to as "Defendant"), by way of Answer to the Complaint, states as follows:

**AS TO "INTRODUCTION"**

1. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 1 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint and leaves Plaintiff to her proofs.

2. Defendant denies the allegations asserted in Paragraph 2 of the Complaint and leaves Plaintiff to her proofs.

3. Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 6 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

7. Paragraph 7 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 10 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint and leaves Plaintiff to her proofs.

11. Paragraph 11 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations asserted in Paragraph 12 of the Complaint and leaves Plaintiff to her proofs.

13.     Paragraph 13 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 13 of the Complaint.

14.     Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 14 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint and leaves Plaintiff to her proofs.

## AS TO "NATURE OF ACTION"

15.     Paragraph 15 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 22 of the Complaint.

## AS TO "STANDING"

23. Paragraph 23 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 24 of the Complaint.

25. Defendant denies the allegations asserted in Paragraph 25 of the Complaint and leaves Plaintiff to her proofs.

26. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 26 of the Complaint. To the extent a response is required,

Defendant denies the allegations in Paragraph 26 of the Complaint and leaves Plaintiff to her proofs.

27. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 27 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint and leaves Plaintiff to her proofs.

28. Defendant denies the allegations asserted in Paragraph 28 of the Complaint and leaves Plaintiff to her proofs.

29. Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 30 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint and leaves Plaintiff to her proofs.

31. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 31 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint and leaves Plaintiff to her proofs.

32. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 32 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 32 of the Complaint and leaves Plaintiff to her proofs.

33. Defendant denies the allegations asserted in Paragraph 33 of the Complaint and leaves Plaintiff to her proofs.

34. Defendant denies the allegations asserted in Paragraph 34 of the Complaint and leaves Plaintiff to her proofs.

35. Defendant denies the allegations asserted in Paragraph 35 of the Complaint and leaves Plaintiff to her proofs.

36. Defendant denies the allegations asserted in Paragraph 36 of the Complaint and leaves Plaintiff to her proofs.

37. Paragraph 37 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 38 of the Complaint.

39. Defendant denies the allegations asserted in Paragraph 39 of the Complaint and leaves Plaintiff to her proofs.

40. Paragraph 40 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 40 of the Complaint.

41. Defendant denies the allegations asserted in Paragraph 41 of the Complaint and leaves Plaintiff to her proofs.

42. Paragraph 42 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 43 of the Complaint.

44. Defendant denies the allegations asserted in Paragraph 44 of the Complaint and leaves Plaintiff to her proofs.

45. Defendant denies the allegations asserted in Paragraph 45 of the Complaint and leaves Plaintiff to her proofs.

## AS TO "CLASS ACTION ALLEGATIONS"

46. Paragraph 46 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 53 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### (Violations of the ADA, 42 U.S.C. § 12182 *et seq*.)

54. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

55. Paragraph 55 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 60 of the Complaint.

**AS TO "SECOND CAUSE OF ACTION"**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

61. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

62. Paragraph 62 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 67 of the Complaint.

68. Defendant denies the allegations asserted in Paragraph 68 of the Complaint and leaves Plaintiff to her proofs.

69. Paragraph 69 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 71 of the Complaint.

72. Defendant denies the allegations asserted in Paragraph 72 of the Complaint and leaves Plaintiff to her proofs.

73. Paragraph 73 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 73 of the Complaint.

**AS TO "THIRD CAUSE OF ACTION"**
**(New York State Human Rights Law)**
**("NYSHRL")**

74. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

75. Paragraph 75 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 77 of the Complaint.

78. Defendant lacks knowledge and or information sufficient to form a belief to either admit or deny the allegations in Paragraph 78 of the Complaint. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint and leaves Plaintiff to her proofs.

79. Paragraph 79 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 84 of the Complaint.

85. Defendant denies the allegations asserted in Paragraph 85 of the Complaint and leaves Plaintiff to her proofs.

86. Paragraph 86 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 86 of the Complaint.

**AS TO "FOURTH CAUSE OF ACTION"**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

87. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

88. Paragraph 88 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 88 of the Complaint.

89. Paragraph 89 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 89 of the Complaint.

90. Paragraph 90 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 93 of the Complaint.

94. Defendant denies the allegations asserted in Paragraph 94 of the Complaint and leaves Plaintiff to her proofs.

95. Paragraph 95 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 96 of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION"
**(Declaratory Relief)**

97. Defendant repeats and re-alleges each of the above paragraphs as if set forth at length herein.

98.     Paragraph 98 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 98 of the Complaint.

99.     Paragraph 99 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies each and every allegation asserted in Paragraph 99 of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations asserting prayer for relief, and its subparagraphs, and avers that Plaintiff is not entitled to any of the relief requested therein or any other relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

## FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      At no time material hereto did Defendant act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff is not entitled to any of the relief requested in the Complaint and Defendant acted in good faith at all times.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred because they are moot.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, delay, waiver,

estoppel, acquiescence, and or excuse.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, estoppel, accord and satisfaction, offset and/or setoff.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, because the claimed violations are *de minimis*, and non-actionable as they do not materially impair Plaintiff's use of the Defendant's website for an intended purpose.

## EIGHTH AFFIRMATIVE DEFENSE

8. Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law(s) asserted herein were not willful but occurred in good faith and were based upon reasonable factors.

## NINTH AFFIRMATIVE DEFENSE

9. The imposition of punitive damages in this matter would violate Defendant's rights to due process of law in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff lacks "standing" to pursue this matter because, upon information and belief, Plaintiff has never been to the Defendant's website or does not plan to return, thus Plaintiff is merely a "tester" that suffers no injury that can be redressed by a favorable decision.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA, nor do they trigger an "alteration" legal standard, for reasons including, but not limited to, the disproportionate cost of the modifications

sought.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred, in whole or in part, because any alterations made by Defendant are sufficient in that they satisfy the "maximum extent feasible" standard within the meaning of 42 U.S.C. § 12183(a)(1).

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or part, because the modifications she seeks would cause an undue burden or hardship upon Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendant has made a good faith effort to comply with the ADA, New York State Human Rights Law, and New York City Human Rights Law and all relevant applicable codes, laws and statues.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims are barred, in whole or in part, by the applicable status of limitations, including the Title III of the ADA, 42 U.S.C. § 12182, et seq., New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") & § 296 et seq.; and the New York State Civil Rights Law, Article 4, § 40-c and § 40-d ("NYCRL").

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part because, upon information and belief, Plaintiff has filed numerous ADA lawsuits as a "tester" and should be declared a "vexatious

litigant" who must seek leave of court before filing additional lawsuits.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff is not entitled to damages or attorneys' fees because Plaintiff acted in bad faith by failing to give Defendant notice of the alleged violations prior to filing lawsuit, when alleged violations could have been handled in a cost-efficient manner, in a transparent attempt to extract a settlement.

## **NINETEENTH AFFIRMATIVE DEFENSE**

19. Defendant has complied in good faith with the ADA, and all applicable laws, rules, ordinances and statutes, and has not engaged in willful violations of the same.

## **TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims are barred, in whole or in part, because the barrier removal(s) Plaintiff seeks pursuant to the ADA for the website are not "readily achievable" or easily accomplishable within the meaning of 42 U.S.C. § 12181(9).

## **ADDITIONAL DEFENSES**

21. Defendant reserves the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues so triable.

## **DESIGNATION OF TRIAL COUNSEL**

The Court is hereby advised that Michael K. Chong, Esq., is hereby designated as trial counsel on behalf of Defendant.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment in their

favor, dismiss the Complaint with prejudice, award Defendant their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Date: December 23, 2024                     Law Offices of Michael Chong, LLC

                                            s/ *Michael K. Chong*
                                            Michael K. Chong, Esq.
                                            *Attorney for Defendant*

                                            2 Executive Drive, Ste. 240
                                            Fort Lee, NJ 07024
                                            Ph#: (201) 947-5200
                                            Fx#: (201) 708-6676

                                            300 Hudson Street, Ste. 10
                                            Hoboken, NJ 07030
                                            Ph#: (201) 708-6675
                                            Fx#: (201) 708-6676

                                            32 East 57th Street, 8th Fl.
                                            New York, NY 10022
                                            Ph#: (212) 726-1104
                                            Fx#: (212) 726-3104
                                            MKC@mkclawgroup.com